UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID HUGHES,<br><br>  Defendant. | Crim. Action No. 06-0156M<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by criminal complaint with unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  A consolidated preliminary hearing and detention hearing was conducted by the undersigned United States Magistrate Judge on April 4, 2006.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follows.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Hughes                                                                                                           2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed, or an offense under 924(c) of Title 18. 18 U.S.C. § 3142(e).

United States v. Hughes                                                                                                                    3

### III.  DISCUSSION

At the hearing, counsel for the government called as a witness Federal Bureau of Investigation Special Agent Robert Lockhart, who testified that on March 30, 2006 at approximately 9:55 a.m., members of the FBI Safe Streets Task Force executed a search warrant at a home which he believed was the Defendant's residence.  Before the search warrant was executed, Defendant approached the home and was stopped by law enforcement agents.  Agent Lockhart testified that the agents recovered a set of keys from Defendant's hand, which included keys that fit the doors to the house.  The witness further testified that a search of one of the bedrooms revealed mail with Defendant's name, numerous pictures of Defendant on the walls, and a shoe box which contained a .38 "special" revolver and ammunition for a .357 revolver.  Also, located in the bedroom was a plate with a large off-white rock-like substance which was later field tested positive for cocaine base and weighed approximately 27 grams; unused ziplocks; razor blades; and $2,850 in cash.  The agent testified that in addition, a loaded .357 handgun and mail with the Defendant's name was recovered from a box in another bedroom.

On cross-examination, Agent Lockhart testified that Defendant stated that the crack cocaine belonged to someone else, but that he had been selling some of it.

Counsel for Defendant proffered that the Pretrial Services Agency report indicates that Defendant does not have any prior convictions.  Additionally, counsel proffered that nine friends and family members were in court to support Defendant.  Furthermore, counsel for the Defendant proffered that Defendant was employed as a bus attendant with the District of Columbia Public Schools, and that Defendant's brother had offered to house Defendant during the pendency of the criminal matter.

United States v. Hughes                                                                                                                        4

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that Defendant was actively engaged in the distribution of significant quantities of cocaine.

Second, the undersigned finds, upon consideration of the evidence elicited by the government, that the weight of the evidence against Defendant is compelling.

Third, the undersigned finds that the government has elicited evidence which shows that during the execution of a search warrant at a dwelling Defendant sought to enter, two firearms, one of which was loaded, were recovered.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that evidence of defendant's significant involvement in the distribution of cocaine demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned finds that defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness, see United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985), or the direct evidence thereof.

United States v. Hughes                                                                                              5

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 4, 2006 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

  April 6, 2006  
     DATE

  April 4, 2006  
   NUNC PRO TUNC